THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ALBERTO SANTOS ESCRIBANO, GABRIEL CASANOVA RODRÍGUEZ and HÉCTOR HERNÁNDEZ SIERRA, Defendants and Appellants, the latter two.

No. 15593. Argued October 6, 1953.—Decided December 28, 1954.

*Ángel Luis Saavedra* for appellants. *José Trías Monge, Attorney General,* and *Rafael Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The prosecuting attorney of the Superior Court of Puerto Rico, Caguas Part, filed an information against Alberto Santos Escribano, José Manuel Serrano O'Neill, Gabriel Casanova Rodríguez and Héctor Hernández Sierra, for the crime of

robbery committed in the following manner: "the designated defendants . . . on the day of October 19–20, 1952, in Caguas, Puerto Rico, which is within the jurisdiction of the Superior Court of Puerto Rico, Caguas Part, illegally, voluntarily and criminally, and acting together and in common accord, did remove from the person of Domingo Ramos Robles, an employee of the Chauffeur's Cooperative of Caguas, Puerto Rico, who on the night of October 19 to 20, 1952, was taking care of the gasoline station belonging to that cooperative, the sum of sixteen dollars and ninety-six cents ($16.96) in bills and change, against the will of Domingo Ramos Robles, by means of violence and intimidation, that is, while they were removing this sum of money from Domingo Ramos Robles, Alberto Santos Escribano pointed a gun at him and took the money from him and Héctor Hernández Sierra pointed a dagger at him."

On February 9, 1953, the case was tried before a jury. The defendant José Manuel Serrano O'Neill was found innocent and Alberto Santos Escribano, Gabriel Casanova Rodríguez and Héctor Hernández Sierra were found guilty. The Superior Court of Puerto Rico, Caguas Part, sentenced Gabriel Casanova Rodríguez and Héctor Hernández Sierra to serve two to ten years in the penitentiary at hard labor.

From that sentence both defendants appeal assigning the following errors: (1) "the court erred in not giving specific instructions to the effect that the statements of the appellants were exculpatory statements and as such did not admit the criminal acts alleged; (2) the court erred in holding as a matter of law that the confessions of the defendants-appellants were voluntary; (3) the court erred in crediting the statement of the codefendant Alberto Santos Escribano and, contrariwise, in refusing to credit the statements of those appealing here, who in their statements impute the commission of the alleged crime to Santos Escribano; (4) the court erred in crediting completely the statement of Domingo Ramos Robles, who in his statement could not in any way identify

the defendants-appellants as having committed the crime; (5) the court erred in not exonerating the defendants on the basis of the evidence heard; (6) the court erred in not setting aside the verdict rendered by the jury, as being contrary to law."

██ With respect to the first error relating to the failure to give specific instructions that the statements of the defendants were exculpatory statements and as such do not admit the criminal acts alleged, the defendants-appellants rely on the case of *People* v. *Millán,* 66 P.R.R. 233, 239, Travieso) (1946). The latter case does not hold that when exculpatory statements are presented in evidence the jury must be specifically instructed that such statements do not admit the alleged criminal acts. On the contrary, the holding was that "exculpatory matter in a confession is to be treated like any other evidence with the jury at liberty to believe or reject it." The complete text of the opinion is as follows: "The statement made by the accused is not really a confession nor an admission of guilt. On the contrary, the accused stated that he was in his establishment, throwing out the inquisitive persons who gathered there when he heard the 'shots coming from Muñoz Rivera Street'. His statement is nothing else than what is known as an exculpatory statement, through which a person tries to protect himself by declaring that he had no participation in the criminal occurrence under investigation. The statement was admissible, and the court was not bound to instruct the jury that the declarations of the accused should be considered as true unless they were refuted. Recently we suggested and we now hold that the *dictum* to the contrary made in *People* v. *Sánchez,* 55 P.R.R. 342, 360, was erroneous and that 'exculpatory matter in a confession is to be treated like any other evidence with the jury at liberty to believe or reject it.' *People* v. *Muñiz,* 65 P.R.R. 928."

694

In accord with the doctrine in *People* v. *Millán*, the following instructions given to the jury were in harmony with the law: "Then the responsibility must fall on those who act together, or on the individual who acts alone. Besides, with respect to the statements which the prosecuting attorney has offered, if you conclude that they are voluntary and that there was no compulsion, then you must consider everything the statements say, although they may contain exculpatory matter favorable to the defendant. In your deliberations the first thing which you must decide is whether or not the statements were voluntary. If they were involuntary, then you must exclude them from your consideration. If they were voluntary, then we are going to read them. When considering them, you must take into account everything which the statements say concerning the facts involved in the case and concerning each of the defendants, although in some of them there may be exculpatory matter which excludes all or some of the defendants from the case. Then you weigh them with the rest of the evidence presented." (Tr. Ev. pp. 118 and 119.)

██ With respect to the second error relating to the voluntary nature of the confessions of the defendants- appellants, it is evident that the sworn statements of the defendants are not, properly speaking, confessions. In a confession the commission of a crime is admitted, while in an exculpatory statement certain facts are admitted which could be related to the commission of a crime, but the commission of such a crime is denied. In this case the defendants-appellants admit that they were in the company of the other defendant, Alberto Santos Escribano, at the place where the crime was committed, but they accuse Alberto Santos Escribano of the crime and deny completely their own participation in the commission of the crime. This statement, therefore, does not have the scope of a confession.

██ The important distinction between a confession and an exculpatory statement is that a confession requires proof of its voluntary nature while the exculpatory statement has

no such requirement, *People* v. *Otero*, 67 P.R.R. 376, 384, (Travieso) (1947); *People* v. *Rogers*, 110 N. E. 2d 201, 206, (Fulton) (1953); *People* v. *Crowl*, 82 P. 2d 507, 513, (Marks) (1938).

With respect to the third error relating to the credibility of the testimony of co-defendant Alberto Santos Escribano, it is treated as a true confession since in it Alberto Santos Escribano admits the following: "I got down from the automobile and asked him to fill it up with gasoline; when the employee had the hose going, I pointed a pistol at him, but at a distance and not pressed to his body, and I told him to give me the money; then Héctor Hernández Sierra entered with a dagger and pointed it at his back; then I searched the pockets of the gasoline attendant; Cheito (José Manuel Serrano) remained in the automobile, he did not get down and the younger one (Gabriel Casanova Rodríguez) opened the door of the automobile and remained in front."

 The admissibility of a self-incriminatory confession depends on its voluntariness. In this case there was an evident conflict in evidence between the proof of voluntariness presented by the prosecuting attorney and the proof of involuntariness of the defense. The learned sentencing judge proceeded first to hear such proof, in the absence of the jury, following the rule established in *People* v. *Declet*, 65 P.R.R. 22, 25, (De Jesús) (1945); *People* v. *Otero*, 67 P.R.R. 376, 381, (Travieso) (1947); *People* v. *Medina*, 72 P.R.R. 241, 245, (Marrero) (1951). After determining as a matter of law that the confession was not involuntary, the proof of voluntariness was produced again before the jury. It is clear to us that the confession of co-defendant Alberto Sánchez Escribano was admissible. It was for the jury to consider the self-incriminatory statement of Alberto Santos Escribano as a whole, if as a question of fact the jury believed that he had voluntarily sworn to such a confession.

 Now, in legal substance what the defendants-appellants are alleging is that such a confession cannot in-

criminate them along with their codefendant, Alberto Santos Escribano, who confessed, since that would be equivalent to admitting testimony in evidence without permitting the defendants-appellants the opportunity for cross-examination. We are agreed in principle that the confession of a principal author of a crime where other co-authors or accomplices are involved, cannot be used to prove the guilt of a co-author or accomplice, although it may be used to prove the guilt of the principal author of the crime: *Smith* v. *State*, 237 S. W. 265, 267, (Hawkins) (1922); *Browney* v. *State*, 79 S. W. 2d 311, 315, (Morrow) (1935); *Wilkins* v. *State*, 115 S. W. 2d 907, 909, (Christian) (1939). When there is presented in evidence a confession where the declarant, besides incriminating himself, incriminates other persons, the judge must instruct the jury specially that such a confession can be used against the declarant with respect to his guilt exclusively, but cannot be used to determine the guilt of other persons also incriminated by the declarant. The failure to give such an instruction is prejudicial error against the others incriminated by the declarant and must result in reversal of the judgment. Our conclusion with respect to this error makes it unnecessary to consider the remaining errors assigned.

Judgments are reversed and a new trial ordered for defendants-appellants.